## A. P. THOMAS ET AL. v. H. P. BENNETT'S HEIRS ET AL.

**Clerks of Courts—Failure to Perform Duty.**

The clerk of a court should not be permitted to stultify himself by swearing that he failed to perform his duty, and will not be permitted to do so if there is any evidence to the contrary.

APPEAL FROM NELSON CIRCUIT COURT.

January 22, 1874.

OPINION BY JUDGE PRYOR:

The wife consented to the sale of the land and united with the husband in the conveyance to Thomas. This may have been done under the agreement that twelve hundred dollars of the proceeds

should belong to the husband and the remainder to the wife to dispose of as she pleased. There is no proof, however, of any such agreement. The statements in the petition of the wife can not be regarded as evidence in the case, nor can her statements made to others in the absence of the husband be regarded as competent. The object the husband had in view may have been to secure the property or its proceeds to himself. This he had the right to do unless he practiced a fraud on the wife in order to obtain it. The vendee, Thomas, although not possessed of much wealth, seems to have been an active business man; and from the evidence we can not say that his purchase was for the husband and not himself. If the statements made by the wife are taken from the record, there is no proof whatever of anything improper on the part of the husband. He seems to have been kind and affectionate to the wife, and as between himself and those claiming, his right to the notes is by no means inferior to that of the appellees.

A clerk should not be permitted to stultify himself by swearing that he failed to discharge his duty, and will not be, where there is any evidence to the contrary. The evidence taken in connection with the certificate of the clerk conduces to show that the husband was not present when the deed was signed and acknowledged by the wife.

The judgment is reversed and cause remanded with directions to adjudge the notes in controversy to be the property of the husband, and for further proceedings consistent with this opinion.

*Muir & Wickliffe, for appellants.*

*Girgsby, for appellees.*